UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

David James Jannetta,

        Plaintiff,

vs.    REPORT AND RECOMMENDATION

Candy Adamczak, Barbara Overland,
Lydia Newlin, Jeremy Britzius,
Dean Paulson, Gordy Abrahamson,
Terry Carlson, Michael Hatch,
Joan Fabian, Jean Rudebeck, and
Paul Mickelson, et al.,

        Defendants.    Civ. No. 05-2831 (DWF/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Application of the Plaintiff David James Jannetta for leave to proceed in forma pauperis, ("IFP"), see, Docket No. 2, and upon an initial screening pursuant to Title 28 U.S.C. §1915A.[1]  For the reasons which follow, we

---

[1]The Plaintiff has already paid the initial partial filing fee required by Title 28
(continued...)

recommend that the Plaintiff's IFP application be denied, and that the action be summarily dismissed.

## II. Factual and Procedural Background

The Plaintiff, who is a State prisoner at the Minnesota Correctional Facilities, in Moose Lake, Minnesota ("MCF-ML"), is attempting to sue eleven (11) individuals, all of whom appear to be employed by the State of Minnesota. The Plaintiff's claims against the Defendants are set forth in the "Statement of Claim" section of his Complaint, which consists of thirty-nine (39) numbered paragraphs. The reference to Title 42 U.S.C. §1983, in the caption of the Complaint, reflects that the Plaintiff is attempting to sue the Defendants for allegedly violating his Federal constitutional rights. However, the allegations, which are set forth in the Statement of Claim, do not describe any specific acts or omissions, by any of the named Defendants, that could be viewed as a violation of the Plaintiff's constitutional rights.

The Plaintiff alleges that the Defendants Jean Rudebeck ("Rudebeck"), and Barbara Overland ("Overland"), "presented" certain "records" that the Plaintiff has

---

[1](...continued)
U.S.C. §1915(b)(1), see, Docket No. 3, and accordingly, the matter is now ripe for initial screening pursuant to Section 1915A.

been "trying to have * * * corrected" since 2000. The Complaint does not identify the records being referred to; does not describe how the records allegedly were inaccurate; how, or to whom, the records allegedly were "presented;" or why Rudebeck and Overland are allegedly responsible for correcting the unidentified records. The Complaint also fails to explain why the Defendants' alleged failure to correct the unidentified records purportedly violates the Plaintiff's constitutional rights.

The Plaintiff also alleges that he sent "affidavits" to the Defendants Joan Fabian ("Fabian"), who is the Commissioner of the Minnesota Department of Corrections, and Michael Hatch ("Hatch"), who is the Minnesota Attorney General, "regarding the [allegedly] unlawful acts by" Rudebeck and Overland. It is further alleged that Fabian, and Hatch, did not respond to the Plaintiff's Affidavits. However, the Complaint offers no explanation as to why Fabian and/or Hatch should bear any legal liability for their alleged failure to respond to the Plaintiff's unidentified Affidavits.

Next, it is alleged that the Defendants Paul Mickelson ("Mickelson"), and Rudebeck, who are apparently prison officials at MCF-ML, told the Plaintiff that he would be interviewed by the Defendant Jeremy Britzius ("Britzius"), who is apparently another prison official at MCF-ML. The Plaintiff also alleges that, at some time later, Britzius asked the Plaintiff some questions, and told him that "anything he said * * *

could and would be used against [him]." There are no allegations which might be construed to suggest that Britzius asked the Plaintiff any questions that were in any way improper, or that the Plaintiff answered any of Britzius's questions, much less that any answers that the Plaintiff may have given to Britzius were used against the Plaintiff in any way prohibited by the Fifth Amendment.

The Plaintiff also alleges that he attended an "End of Confinement Review Hearing," on October 17, 2005. The Hearing allegedly was attended by the Defendants Candy Adamczak, Overland, Lydia Newlin, Britzius, Dean Paulson, and Gordy Abrahamson, as well as by Peggy Millington ("Millington"), who is not named as a Defendant in this action. The Plaintiff alleges that the Hearing was recorded, but his request for a Transcript of the Hearing was denied. The Complaint does not disclose who allegedly denied that request, or why the Plaintiff believes that he was entitled to a Transcript. The Plaintiff further alleges that he objected to the Hearing, and that the Hearing, somehow, caused him to be "subjected to cruel and unusual punishment." Someone identified only as "the hearings officer" allegedly informed the Plaintiff that he "is a 'Level 1,'" but there are no allegations explaining what such a classification means, or why it might somehow be significant.

The Complaint vaguely alleges that "the hearing takes into consideration, all past adjudicated cases, and this use violates the double jeopardy clause as the hearing officers use this to retry these issues to assign a risk level." The Plaintiff has not pled any factual allegations to explain such a conclusory claim.

The Complaint also vaguely alleges that Overland "has a Lien placed against her" by the Plaintiff, and that she "was asked to rescues [sic] herself due to this fact, and refused." The Plaintiff has not pled any other related factual allegations to explain why this allegation, regarding Overland, might be constitutionally significant. He further alleges that Britzius "wrote, defended, and voted as a hearing officer concerning the report he wrote against" the Plaintiff, but again, there are no other related factual allegations to explain what that means or why it might be significant.

The Plaintiff alleges that the Defendant Terry Carlson ("Carlson") is "the Chief Executive Officer/Warden" of MCF-ML, and that she is "responsible for what happens within the institution." While that may be an accurate description of Carlson's position, it fails to explain why the Plaintiff is attempting to sue Carlson under the circumstances here.

The final allegations of the Plaintiff's Statement of Claim are as vague, and meaningless, as the rest of his Complaint. The Plaintiff broadly alleges that Britzius,

and other unidentified individuals, "engaged in unprofessional as well as unethical behavior;" that Millington, who is not named as a Defendant, "was an officer of the court, and as such owed her first allegiance to the court * * * and then to the client second;" that the Defendants "abandoned their own rules and procedures to violate" the Plaintiff's civil rights and constitutional rights to Due Process and Equal Protection; and that some of the Defendants have "ignored the [Plaintiff's] True Bill(s), which have all been filed, gone into default, and were not allowed to be entered into evidence;" and that the aforementioned "True Bill(s)" were served upon Fabian, Rudebeck, and Hatch. These allegations are entirely incomprehensible.

The very last paragraph of the Statement of Claim exemplifies the vague and conclusory nature of the entire Complaint. In that paragraph, the Plaintiff claims, without any supporting factual allegations, that "this group, and as individuals, has created a second-class citizen by applying this punishment upon only those individuals who are convicted of a certain type of crime, and not applying those same conditions upon all person/persons convicted in the state of Minnesota."

The Plaintiff is seeking a Judgment that would require the Defendants to "correct, each and every record, according to Constitutional law," and "abide by their own rules, procedures, and laws and assign a 'Level 1'" to the Plaintiff. He is also

seeking money damages in the sum of $10,000,000 -- even though the Complaint does not describe any injury that the Plaintiff has suffered -- as well as various other forms of relief.

### III. Discussion

Since the Plaintiff is a prisoner, who is seeking redress from parties who are government employees, his pleading must be screened pursuant to Title 28 U.S.C. §1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, requires Federal Courts to review a plaintiff's pleading in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." Title 28 U.S.C. §1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. Title 28 U.S.C. §1915A(b)(1).

Here, we find that the Plaintiff's Complaint fails to state any actionable claim for relief against any of the named Defendants. To state an actionable civil rights claim, as the Plaintiff apparently is attempting to do here, a pleading must allege specific historical facts, which show what each individual Defendant allegedly did, or failed to do, that allegedly violated the Plaintiff's Federal constitutional rights. While Federal

Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); see also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions").

Here, the Plaintiff's Complaint alleges no specific facts describing anything that any particular Defendant did -- or failed to do -- which could be viewed as a violation of the Plaintiff's Federal constitutional rights. Indeed, after carefully reviewing the Complaint, we cannot discern why the Plaintiff is attempting to sue any of the named Defendants. Again, there are no factual allegations in the Complaint which describe any specific acts or omissions by any named Defendant which, if proven true at Trial, would entitle the Plaintiff to a Judgment against any such Defendant. Therefore, we find that the Plaintiff's Complaint fails to state any cause of action upon which relief can be granted, and accordingly, we recommend that this action be summarily dismissed pursuant to Section 1915A.

Consequently, we also recommend that the Plaintiff's IFP application be denied, since the Complaint fails to state an actionable claim. See, Title 28 U.S.C. §1915(e)(2)(B)(ii). Since we are summarily dismissing his action, we further

recommend that the Plaintiff be relieved of paying the filing fee in this matter, as he appears to completely misapprehend the requisites of a cognizable claim. Further, we recommend that the dismissal of his Complaint be without prejudice, and not serve as a "strike" against the Plaintiff for purposes of Title 28 U.S.C. §1915(g).

NOW, THEREFORE, It is –

RECOMMENDED:

1. That Plaintiff's application for leave to proceed in forma pauperis, [Docket No. 2], be denied, as moot.

2. That the Plaintiff's Complaint be summarily dismissed, but without prejudice, pursuant to Title 28 U.S.C. §1915A(b)(1).

3. That the Plaintiff be relieved of paying the Court filing fee that would otherwise be due from him.

4. That, while the action is dismissed without prejudice, the action not be counted as a "strike" for purposes of Title 28 U.S.C. § 1915(g).

Dated: December 21, 2005       s/Raymond L. Erickson

                                              Raymond L. Erickson
                                              CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than January 10, 2006**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than January 10, 2006**, unless all interested

- 10 -

parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.